BANK OF WASHINGTON, (PIERSON v.) See Case No. 11,155.

## Case No. 954.

BANK OF WASHINGTON v. REYNOLDS.

[2 Cranch, C. C. 289.] [1]

Circuit Court, District of Columbia. April Term, 1822.

NEGOTIABLE INSTRUMENTS — DEATH OF MAKER — DEMAND ON WIDOW — EXECUTORS AND ADMINISTRATORS—BURDEN OF PROOF.

If the maker of a note die before the note becomes payable, a demand of payment made upon his widow, at the last place of his abode, is, prima facie, a sufficient demand to charge the indorser, there being no evidence that there was an executor or an administrator; but if there be actually an executor or an administrator, the demand must be made upon him; the burden of proof, however, that there was an executor or administrator, lies on the defendant.

At law. The defendant was indorser of J. Huddleston's note at sixty days. Huddleston died before the note became payable. The notary, on the day after the third day of grace, called at his last dwelling place and demanded payment of his widow, who replied she had nothing to do with the settlement of the estate. The notary did not know whether there was an executor or an administrator; the defendant having offered no evidence that there was any administration upon the estate.

THE COURT (MORSELL, Circuit Judge, contra) was of opinion, that this was a sufficient demand.

THE COURT, upon the trial, on the motion of the plaintiff's counsel, instructed the jury, (nem. con.) that if they should believe from the evidence that Mr. Reynolds, the defendant, had been several years a resident of the city of Washington, previous to the protest of the note in question, and that several previous notes, upon which he was indorser, had been protested upon demand made on the day after the third day of grace, and had been renewed by his indorsement upon notice given to him on the day after the third

day of grace, and that such demand and notice were according to the long existing usage and practice of the bank and its customers, the jury may infer from these facts, that the defendant had a knowledge of such usage in the said bank at the time he indorsed the note, and that he assented to such usage.

The defendant then offered evidence that, when the note became payable, there was an executor of the maker, qualified to act, and residing in this city.

THE COURT (THRUSTON, Circuit Judge, contra) was of opinion, that the plaintiffs were bound to inquire for the executor and demand payment of him.

Verdict for the plaintiffs.

The defendant's counsel moved for a new trial, because the verdict was against the instruction of the court upon the point of law.

But THE COURT refused to grant it.

[NOTE. The practice of demanding payment on the day after the last day of grace was changed by agreement of the banks of the District of Columbia, in 1818, to conform to the general commercial usage. See Bank of Alexandria v. Wilson, Case No. 856; Cookendorfer v. Preston, 4 How. (45 U. S.) 317; Adams v. Otterback, 15 How. (56 U. S.) 539.]